UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
IN RE:

    JORGE QUINTANA, SR.,                    CASE NO. 08-61884

                      Debtor(s)                    Chapter 13
--------------------------------------------------------
APPEARANCES:

MAXSEN D. CHAMPION, ESQ.
*Staff Attorney for Chapter 13 Trustee*
250 S. Clinton Street, Suite 203
Syracuse, New York 13202

JORGE QUINTANA, SR.
*Pro Se*
23 Railroad Avenue
Stamford, New York 12167

HISCOCK & BARCLAY, LLP                    SUSAN R. KATZOFF, ESQ.
*Attorneys for American General Home Equity, Inc.*    *Of Counsel*
One Park Place
300 South State Street
Syracuse, New York 13202

Hon. Diane Davis, U.S. Bankruptcy Judge

**MEMORANDUM-DECISION, FINDINGS OF FACT,
CONCLUSIONS OF LAW AND ORDER**

      Currently under consideration by the Court are two objections filed by Jorge Quintana ("Debtor") on March 30, 2009 ("Original Objection") (Dkt. No. 62) and on April 20, 2009 ("Amended Objection") (Dkt. No. 70) (collectively, the "Claim Objections"). The Debtor objects to the proof of claim filed on behalf of American General Home Equity, dated December 15, 2008 (Claim No. 6). Opposition to the Original Objection was filed on behalf of American General on April 2, 2009, and on May 12, 2009,

      The Court heard oral argument on the Claim Objections on May 19, 2009, at its regular

motion term in Binghamton, New York. The Court requested that the parties provide it with documentation in support of their respective positions.[1] The Court indicated that it would not require any appearances at the Court's next Binghamton calendar scheduled for June 4, 2009. Instead, it agreed to adjourn the Claim Objections to either July 2, 2009 or August 6, 2009, once it had had an opportunity to review the documents and was prepared to rule on whether American General had a valid judgment lien on the Debtor's real property located in Stamford, New York. The Debtor filed his supplemental reply on May 27, 2009 (Dkt. No. 82). In response, American General filed its "Second Supplemental Opposition" on June 2, 2009 (Dkt. No. 83).

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of these contested matters pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(K) and (O).

## FACTS

The Debtor filed a voluntary petition ("Petition") pursuant to chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code") on August 4, 2008. Debtor listed real property located at 23 Railroad Avenue, Stamford, New York ("Premises"), identified as his "homestead"

---

[1] Upon request from the Debtor, the Court requested that he file any supplemental materials by May 26, 2009. Because May 25, 2009, was a holiday, the deadline was extended to May 27, 2009. A similar extension to June 2, 2009, was granted to American General to respond to the Debtor.

Case 08-61884-6-dd    Doc 84    Filed 06/19/09    Entered 06/19/09 15:10:25    Desc Main
Document    Page 3 of 8

3

with a value of $124,000. He also notes that any secured claim on the Premises was "discharged." On Schedule C, he has claimed a homestead exemption of $100,000.

On December 16, 2008, American General filed a proof of claim (Claim No. 6) in the amount of $134,238.61. According to the proof of claim, the amount of its secured claim is $86,248.05 and the amount of its unsecured claim is $47,990.56.

Based on a review of the documents submitted in this case, as well as a review of debtor's prior case in this Court (Case No. 04-62929), which was subsequently transferred to the U.S. Bankruptcy Court for the Northern District of Texas (Case No. 05-42417), the Court provides the following factual background:

The Debtor, along with his wife, Libertad Quintana, who currently has a chapter 13 case pending in the U.S. Bankruptcy Court for the Western District of Texas (Case No. 08-51040), which was filed on April 15, 2008, executed a Note and Mortgage on or about January 7, 1997 in favor of American General. The Debtors purchased the Premises from the County of Delaware in 2002 at a tax sale. American General apparently had notice of the tax foreclosure proceedings but failed to appear despite having a mortgage on the Premises.

American General commenced a foreclosure action (Delaware County Index No. 2002-0910) in state court in 2002. In a decision issued by the Honorable Joseph P. Hester, Jr. ("Justice Hester"), New York Supreme Court Justice, on January 7, 2003, he dismissed American General's complaint based on a finding that American General's interest in the Premises had been extinguished as a result of the tax sale. Justice Hester directed that a judgment be entered in favor of the Quintanas and against American General. On August 13, 2003, the Delaware County Clerk entered a judgment submitted by the Quintanas.

By letter dated April 26, 2004 (Exhibit "K" attached to Debtor's Supplemental Reply, filed May 27, 2009), Justice Hester stated that the County Clerk had lacked authority to issue the judgment, as submitted by the Debtors, which referenced the extinguishment of not only the mortgage, but also the note. In his letter of April 26, 2004, Justice Hester "so-ordered" that the judgment filed on August 13, 2003 be vacated. In the same letter at Footnote 2, Justice Hester commented that "the existence of the judgment in this action creates a impediment to enforcement of the judgment on the note."[2]

In his letter of April 26, 2004, Justice Hester clarified that despite his prior order dismissing the mortgage foreclosure action commenced on behalf of American General, American General was still entitled to pursue an action on the note. According to the documents filed with this Court, American General commenced an action on the note in 2003 (Delaware County Index No. 2003-83). In that action, there was a decision and order signed by the Hon. Michael V. Coccoma ("Justice Coccoma"), New York State Acting Supreme Court Justice, on July 9, 2003, and entered on July 11, 2003, in favor of American General, granting it summary judgment. On August 4, 2003, there was a judgment for $59,410.71 entered in favor of American General, creating a judgment lien. *See* Exhibit "B", attached to American General's Supplemental Opposition, filed May 12, 2009 (Dkt. No. 80).

By Order to Show Cause, dated April 26, 2004, the Debtor sought to vacate Justice Coccoma's decision and order based on allegations that American General had failed to comply with the conditions set forth in Justice Hester's order, dated December 16, 2003. In support of his Order

---

[2] Debtor relies on this statement in arguing that it establishes "that the only claim of [American General] was [an] in personam claim of the alleged note judgment that was discharge [sic] on September 19, 2006 in Debtor's prior case in the Northern District of Texas.

5

to Show Cause he attached a copy of the August 13, 2003 judgment of Justice Hester, which, as noted previously, was later vacated on April 26, 2004. The Order to Show Cause was marked off the state court's calendar following the Debtor's previous chapter 13 case, filed in this Court on April 26, 2004 ("2004 Case").

In the 2004 Case, the Court signed an Order on June 14, 2004, denying the Debtor's motion seeking to vacate the judgment of American General based on Justice Coccoma's decision and order. *See id.* at Exhibit "F." It also denied Debtor's motion for reconsideration by Order dated September 20, 2004. *Id.* Debtor made a similar motion in the 2004 case after it was transferred to the U.S. Bankruptcy Court for the Northern District of Texas. Again, the motion was denied on January 9, 2006, as was the request by the Debtor for reconsideration on January 24, 2006. *Id.* at Exhibit "H." Ultimately, on appeal the Debtor's motion was denied by the Fifth Circuit Court of Appeals on February 8, 2008. *Id.* at "I."

**ARGUMENTS**

American General's attorney acknowledges that it does not have a claim against the Debtor *in personam* as a result of its prior mortgage lien having been extinguished in 2002. According to American General, it filed its proof of claim in order to protect its interest in the Premises based on what it contends is its judgment lien. It argues that based on theories of *res judicata* the Debtor has no basis to seek relief that he has already been denied by this Court, as well as by the courts in Texas, in his prior case(s). It is American General's position that the fact that the Debtor obtained a discharge in his prior case on September 19, 2006 does not render its lien against the Premises

6

unenforceable.

With respect to the validity of American General's lien, the Debtor relies on Footnote 2 of Justice Hester's letter of April 26, 2004, in which he states that the existence of the judgment in the foreclosure action creates an impediment to enforcement of the judgment on the note. According to the Debtor, "[t]his clear[ly] establish[ed] that the only claim of AGHs' was [an] in personam claim of the alleged note judgment that was discharge[d] on September 19, 2006, discharged order AGHs' cannot request a judgment against the debtors real property. AGHs' is wrong." *See* Debtor's Supplemental Reply, filed May 27, 2009, at ¶ 11 (Docket No. 82).

## DISCUSSION

Pursuant to Fed.R.Bankr.P. 7001(2), an objection to the validity of a lien normally would require that an adversary proceeding be commenced with the filing of a complaint and the issuance of a summons. However, "Fed.R.Bankr.P. 3007 provides that if an objection to claim is filed and is joined with a request for relief of the kind specified in Rule 7001, such contested matter 'becomes an adversary proceeding.'" *In re Sanders*, 202 B.R. 986, 991 (Bankr. D.Neb. 1996). With this in mind, the Court considers the Debtor's objection, insofar as it raises questions concerning the validity of American General's lien, as one for partial summary judgment on this limited issue.

Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by reference in Fed.R.Bankr.P. 7056, provides that summary judgment may be granted where there is "no issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Federal Deposit Ins. Corp. v. Bernstein*, 944 F.2d 101, 106 (2d Cir. 1991). In deciding a motion for

7

summary judgment, a court must initially determine whether there are issues of material fact to be tried. *See LaFond v. General Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). Once the moving party has met his/her initial burden, the adverse party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

Based on a review of the various exhibits provided by both parties, the Court finds that there are no issues of material fact to be decided before ruling on the validity of American General's lien. The Court concludes that American General obtained a judgment lien on the Note, executed by the Quintanas on January 7, 1997, by virtue of the entry of Justice Coccoma's decision and order dated July 9, 2003, and the subsequent judgment entered on August 4, 2003, in the amount of $59,410.71.[3] On June 14, 2004, the Honorable Stephen D. Gerling denied a similar motion made by the Debtor seeking to vacate American General's lien in his 2004 bankruptcy case filed with this Court. A similar motion made in the U.S. Bankruptcy Court for the Northern District of Texas was also denied on January 9, 2006, as was the Debtor's appeal to the Fifth Circuit Court of Appeals on February 8, 2008. This Court is bound by these prior decisions and has nothing before it that would warrant a different finding. Accordingly, the Court concludes that the lien of American General on the Premises remains valid.

Debtor's reliance on the discharge he obtained on September 19, 2006, in his case in the U.S. Bankruptcy Court for the Northern District of Texas does not alter the Court's conclusion. Code § 524 enjoins actions to collect a debt as a personal liability of the Debtor. However, "the lien itself

---

[3] The Court makes this finding after due consideration of §§ 5230(a) and 5236(b) of the New York Civil Practice Law and Rules. The Court is of the opinion that given the fact that at the time American General commenced its action on the Note (Delaware country Index No. 2003-83), American General did not have a mortgage on the Premises, the judgement entered in its favor in 2003 was not one "recovered for all or part of [a] mortgage debt" as referenced in § 5236(b).

8

passed through the bankruptcy proceeding unaffected." *See In re Lowther*, 52 Fed.Appx. 476, 477 (10th Cir. 2002), citing *Johnson v. Home State Bank*, 501 U.S. 78, 80, 82-83, 84 (1991). "This is so even though it encumbered property that the Debtor claimed as exempt." *Lowther*, 52 Fed.Appx. at 477, citing *Owen v. Owen*, 500 U.S. 305, 308-09 (1991). Thus, the lien may be enforced against the Premises by an appropriate proceeding, as long as there is no effort by American General to collect the debt as a personal liability of the Debtor since any such liability that may have existed was extinguished upon the Debtor's discharge in the prior case.

Based on the foregoing, it is hereby

ORDERED that American General holds a valid lien on the Premises; and it is further

ORDERED that the Debtors' motions seeking to expunge American General's Claim No. 6 are adjourned for further argument at the Court's regular motion term in Binghamton, New York, on August 6, 2009, at 10:30 a.m.

**IT IS SO ORDERED**


Dated at Utica, New York
this 19th day of June 2009

/s/ Diane Davis
DIANE DAVIS
U.S. Bankruptcy Judge